IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 19-590 |
| | ) | Magistrate Judge Maureen P. Kelly |
| v. | ) | |
| | ) | |
| JOHN WETZEL, LT. McCRACKEN, | ) | |
| LT. WHITESELL, CO PAGLIAROLI, | ) | |
| CO DORN, CO STONE, LISA GRAVES, | ) | Re: ECF No. 46 |
| SHANE DADY, WILLIAM J. WOODS, | ) | |
| MELISSA ADAMS, DAWN SANTANA, | ) | |
| ADAM LIGAS, MR/MS HATTEN, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Edward Phillips ("Plaintiff") initiated this pro se civil rights action pursuant to 42 U.S.C. § 1983 against various Pennsylvania Department of Corrections supervisors, corrections officers, and employees at the State Correctional Institution – Mercer ("SCI-Mercer"), alleging that his constitutional rights were violated in the course of investigating whether Plaintiff was in possession of and ingested a balloon containing illicit narcotics, and in otherwise disciplining him for possession of contraband.

Presently before the Court is a filing entitled "Petition for Writ of Mandamus" (the "Mandamus Petition"). ECF No. 46. In the Mandamus Petition, filed on April 22, 2020, Plaintiff complains of recent actions occurring at the State Correctional Institution – Greene ("SCI-Greene"), which is where he is currently incarcerated. He was transferred from SCI-Mercer to SCI-Greene before he initiated the instant civil rights action, last year, on May 20, 2019 by the filing of his Motion for Leave to Proceed in Forma Pauperis. ECF No. 1; ECF No. 1-7 (envelope, indicating a return address of SCI-Greene). Specifically, in the Mandamus Petition, Plaintiff

complains that "prison officials [at SCI-Greene] turned Plaintiff's phone pin off on: April 15, 2020." ECF No. 46 at 2. Plaintiff also complains that unspecified "staff" are "trying to stop [my] parole." Id. Plaintiff also alleges that "[d]ue to the Corona Virus Outbreak, all inmates get only (40) – Forty minutes out of their cell each day." Id.

Plaintiff concludes the Mandamus Petition by asserting that "Plaintiff has no other means to stay safe unless this Court help[s] and issue[s] injunction." Id. at 3.

For the following reasons the Mandamus Petition will be denied.

I.   **PLAINTIFF'S COMPLAINT**

In contrast to Plaintiff's complaints contained in the Mandamus Petition, in his Complaint, filed on June 19, 2019, Plaintiff primarily complains of a misconduct charge of assaulting a fellow inmate, which allegedly occurred in April 2018 at SCI-Mercer. More specifically, Plaintiff alleges that on April 18, 2018, he was charged at SCI-Mercer with two misconducts for assaulting a fellow inmate and for possession of contraband in the form of Uniform Commercial Code materials. ECF No. 4 ¶¶ 20-22. Plaintiff alleges that he was placed in the Restricted Housing Unit ("RHU") for approximately six weeks while he appealed an erroneous finding that he was guilty of the assault. Id. ¶¶ 23-26. Plaintiff alleges that his appeals were successful, and the charge was dismissed; however, Defendant Lt. McCracken ("McCracken") reissued the assault charge and Plaintiff was found guilty. Id. ¶ 27. On June 5, 2018, Plaintiff told Defendant Ligas that he believed McCracken was harassing him. Id.

Upon release from the RHU, Plaintiff returned to general population. After a random drug test indicated that Plaintiff had ingested synthetic cannabis, Plaintiff again was assigned to the RHU. ECF No. 4-2 at 5-6. On July 30, 2018, in the course of moving Plaintiff, McCracken observed Plaintiff throw a blue balloon thrown into the toilet. Id. Defendant CO Pagliareli

("Pagliareli") retrieved the balloon and dropped it onto the cell floor. Plaintiff reached for the balloon and swallowed it. Id. As a result, Plaintiff was placed in the RHU in a bare observation cell with a covered non-working toilet, handcuffed by one hand to a chain secured in the floor near a bed, and clothed in a smock. ECF No. 4 ¶ 31. McCracken explained that Plaintiff would remain in the cell until he passed the balloon in a bowel movement.

Plaintiff alleges that the balloon never existed and, despite several bowel movements over the course of seven days, a balloon was never recovered. Id. ¶¶ 32-33. Throughout this process, Plaintiff alleges that he was unable to wash his hands or shower for seven days and suffered from cold conditions because he was unclothed except for a smock. On August 7, 2018, the misconduct charges were dismissed without prejudice. Id. On August 28, 2018, Plaintiff states he was transferred to SCI-Greene, allegedly in retaliation for filing grievances related to this incident. Id. ¶¶ 39, 45.

## II.     DISCUSSION

The Mandamus Petition is properly denied whether construed as true mandamus action or construed as a motion for some sort of injunctive relief.

### A. Treated as a Mandamus Petition, the Filing should be Dismissed.

To the extent that the instant Motion may properly be considered a Motion for Mandamus, it is denied because federal courts have no authority to issue writs of mandamus to state government actors. Noble v. Cain, 123 F. App'x 151, 152 (5th Cir. 2005) ("the remedy sought by Noble is in the nature of mandamus relief, which is not available to federal courts to direct state officials in the performance of their duties and functions"); In re Jones, 28 F. App'x 133, 134 (3d Cir. 2002) ("Jones is not entitled to relief. As stated above, she asks this Court to prohibit the State of Delaware from filing charges against her. The federal courts, however, have no general power

in a mandamus action to compel action, or in this case inaction, by state officials."); Nelson v. South Carolina Dept. of Prob., Parole & Pardon Services, 230 F.3d 1353 (Table), 2000 WL 1455672, *1 (4th Cir. 2000)("we affirm on the district court's reasoning that federal courts cannot issue writs of mandamus to compel action by state officials or agencies.").

Accordingly, the Mandamus Petition, treated as a true mandamus action, is properly denied.

### B. Treated as a Motion for Preliminary Injunction, the Mandamus Petition is Properly Denied.

To the extent that the instant Motion may properly be considered a motion for a injunctive relief, the Motion is denied because it seeks injunctive relief for conditions at SCI-Greene arising after the filing of the Complaint whereas his Complaint concerned conditions occurring at SCI-Mercer, and no injunctive relief may be sought for claims not raised in the operative Complaint. See, e.g., Hammonds v. Collins, No. 3:12-CV-00236, 2013 WL 3525672, at *8 (M.D. Pa. July 11, 2013) ("At the outset, Hammonds cannot meet the first element for such injunctive relief since he cannot show a reasonable likelihood of success on the merits of the claim that he has been inappropriately placed in the Special Management Unit at Fayette and that he is not receiving mental health treatment there. He has not raised such claims in his complaint or amended complaint, and the reason he has not done so is simple he was not transferred to the State Correctional Institution at Fayette until November of 2012, well after he filed the complaint and amended complaint in this case. Since Hammonds is seeking a preliminary injunction regarding conditions that have only recently arisen and which are not the subject of the claims in this case, he has not shown a relationship between the injury claimed in his motion and the conduct asserted in his complaint. Moreover, since the conditions about which he complains in his motion arose after he filed this action, it necessarily follows that he did not exhaust administrative

remedies as to those conditions prior to filing this case as required by 42 U.S.C. § 1997e(a). Accordingly, Hammonds has not shown a likelihood of success on the merits.").

Accordingly, the Mandamus Petition, treated as a motion for some kind of injunctive relief is properly denied.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Mandamus Petition is denied. The following Order is entered:

### ORDER

AND NOW, this 1st day of May, 2020, upon consideration of the Mandamus Petition, ECF No. 46, IT IS HEREBY ORDERED that the Mandamus Petition is **DENIED**.

BY THE COURT,

***/s/ Maureen P. Kelly***
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record by Notice of Electronic Filing

Edward Phillips, Jr.
NT-9436
SCI-Greene
175 Progress Drive
Waynesburg, PA 15370